"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PECK, ) | Case No. ED CV 04-1056 AN |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The parties are familiar with the background facts and evidence in the record. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

In the JS, Plaintiff contends the Administrative Law Judge ("ALJ") erred by: (1) rejecting the opinion of disability submitted by his treating physician, Oscar Balilo, M.D.; and (2) failing to give proper consideration to the clinical assessment completed by his treating therapist, Catherine Garcia, M.A. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

On March 23, 2003, Dr. Balilo conducted a psychiatric evaluation of Plaintiff and diagnosed him as suffering from non-major depressive disorder, recurrent, severe, NOS/bereavement/alcohol dependence, and a non-alcoholic induced mood disorder. [AR at 402-06.] Dr. Balilo assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 50.[1] [AR at 402.] On March 19, 2003, Ms. Garcia, a therapist with the San Bernardino County Department of Behavioral Health, completed a clinical assessment of Plaintiff. [AR at 407-14.] Ms. Garcia assessed Plaintiff with a GAF score of 45 and diagnosed him with major depressive disorder, recurrent and severe, without psychotic features. [AR at 414.] Significantly, neither Dr. Balilo nor Ms. Garcia found or suggested that Plaintiff's mental impairment would not be severe in the absence of alcohol abuse. [AR at 13-14]; *cf. Bustamante v. Massanari,* 262 F.3d 949, 954-55 (9th Cir. 2001)(explaining that if the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed to determine if the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs.")

---

[1] A GAF score of 41 to 50 indicates "[s]erious symptoms . . . OR any serious impairment in social occupational or school functioning." Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 32 (4th ed. 1994).

Page 2

The ALJ did not discuss or mention the findings of Dr. Balilo and Ms. Garcia in his decision denying benefits. While the ALJ is responsible for resolving conflicts in the medical evidence, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989), the ALJ erred by failing to give any explanation for disregarding the conclusions of Dr. Balilo. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)(to reject a controverted opinion of a treating or examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so based on substantial evidence in the record); *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.")(citation omitted); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Accordingly, this case must be remanded and, if the ALJ still finds Dr. Balilo's findings and opinions are not persuasive, then the ALJ must give specific, legitimate reasons for discounting or rejecting the findings and opinions.[2]

## II. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming her final decision is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: January 4, 2006        /s/ Arthur Nakazato
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE

---

[2] The record reveals that Plaintiff has been diagnosed with lung cancer, seizures, cirrhosis of the liver, and chronic obstructive pulmonary disease. [AR at 13-14.] Because the record is not well developed with respect to these conditions, the Court recommends that the Commissioner consider seeking the assistance of a medical expert or consultative examiner on remand.